UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER CHARLES BOOMS,

        Plaintiff,

v.                                                                          Case No. 1:23-cv-96

                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

On February 25, 2021, plaintiff filed an application for DIB alleging a disability onset date of October 14, 2020, which he later amended to January 1, 2021. PageID.29. Plaintiff identified his disabling conditions as calcification of lungs, severe persistent asthma, environmental hypersensitivity, chronic lung infections, allergic urticaria, and allergic pneumonitis. PageID.217. Prior to applying for benefits, plaintiff completed two years of college and had past relevant work as a livestock rancher and crop farmer. PageID.35, 218. An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on April 11, 2022. PageID.29-37. This decision, which was later

1

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.    LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports

the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.      ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the alleged onset date of October 14, 2020[1] and meets the insured status requirements of the Social Security Act through December 31, 2025.  PageID.31.  At the second step, the ALJ found that plaintiff had severe impairments of asthma, allergies, and obesity.  PageID.32.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.32.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must work indoors. There can be no exposure to extremes of atmospheric conditions as defined in the *Selected Characteristics of Occupations*, and occasional exposure to extremes of cold, heat, and humidity.

PageID.33.   The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.35.

At the fifth step, the ALJ found that through the date last insured, plaintiff could perform a significant number of unskilled jobs at the light exertional level. PageID.36-37. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as office clerk (80,000 positions), information clerk (50,000 positions), and packager (40,000 positions).  PageID.36.  Accordingly, the ALJ determined that plaintiff has

---

[1] While the ALJ noted plaintiff's amended the disability onset date of January 1, 2021, his decision evaluated plaintiff's claim using the original onset date of October 14, 2020.

not been under a disability, as defined in the Social Security Act, from October 14, 2020 (the original alleged onset date) through April 11, 2022 (the date of the decision). PageID.37.

## III. DISCUSSION

Plaintiff raises two errors on appeal.

### A. The ALJ legally erred by failing to explain how he concluded that plaintiff's allegations were inconsistent with the record.

Plaintiff alleged that his symptoms were all determined to be reasonably expected to stem from his impairments, but that the ALJ rejected the alleged impact of those symptoms as inconsistent with the record. Plaintiff's Brief (ECF No. 8, PageID.521). "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A). Rather, objective medical evidence that confirms the alleged severity of the symptoms is required. *See Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989).

Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of the disabling symptoms. *See Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007).

> First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Id*. (internal citations omitted).  *See* 20 C.F.R. § 404.1529 ("How we evaluate symptoms including pain").

"It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner of Social Security*, No. 1:12 -cv-1084, 2014 WL 1577525 at *3 (W.D. Mich. April 21, 2014) (listing cases).  The referenced factors appear in 20 C.F.R. § 404.1529(c)(3):

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

Here, the ALJ addressed plaintiff's symptoms arising from asthma, allergies and obesity as follows:

> The claimant alleges that complications from asthma, allergies, and obesity have precluded the claimant from performing work related activities. The claimant testified that he is allergic to many atmospheric conditions. He uses three inhalers for his asthma. He receives injections to treat his allergies. The claimant also takes Benadryl and Allegra to treat his impairments. He experiences shortness of breath. The claimant last received emergency treatment for his impairments several years prior to the alleged onset date. The claimant also alleges additional environmental limitations (3E; 9E; 18E; Testimony).

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The claimant's asthma and allergies are severe impairments that would interfere with the claimant's ability to perform all work duties.  However, these impairments are not disabling, as the evidence fails to support a complete inability to perform basic work duties. This record shows the claimant is able to maintain light work activity. The claimant's pulmonary function test results from

June 2020 and February 2021 were unremarkable (2F/8; 5F/4). The claimant has taken Dulera, Allegra, Benadryl, azelastine, and other medications to treat his impairments and impairment related symptoms (11F). In September 2020, the claimant's treatment provider noted that cutting back from farm activities help to control the claimant's asthma (6F/2). While the claimant has experienced asthma related symptoms, the claimant's physical examination results were often unremarkable. The claimant's lungs were clear to auscultation and the claimant had good air exchange in all lung fields with no wheezing or cracking (9F/2, 13, 17, 19, 22; 11F/43, 45). In fact, the claimant has denied experiencing impairment related symptoms at multiple treatment visits (11F/43, 45). . . .

As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they were considered using the factors contained in SSR 16-3p, 20 CFR 404.1529(c), and/or 416.929(c)). The claimant's allegations are inconsistent with the objective medical evidence and the claimant's activities of daily living. Diagnostic testing results do not support the severity of the claimant's allegations (2F/8; 5F/4). The claimant's respiratory examinations have been relatively unremarkable, and the claimant has denied experiencing impairment related symptoms (9F/2, 13, 17, 19, 2; 11F/43, 452 [sic]). The claimant has received significant relief from modifying his activity level (6F/2). Finally, while the claimant's impairments have reduced their participation in recreational and social activities, the claimant still engages in social and physical activities and can still independently complete most activities of daily living (3E; 9E; 18E; Testimony).

PageID.33-34.

Plaintiff has met the first prong of the analysis.  Plaintiff has underlying medically determinable physical impairments that could reasonably be expected to produce his symptoms, *i.e.*, the ALJ found that plaintiff's severe impairments included asthma, allergies, and obesity. PageID.32.

As to the second prong, the ALJ considered factors including plaintiff's treatment, measures taken to relieve symptoms, and daily activities.  While the ALJ relied extensively on plaintiff's daily activities, the ALJ's conclusory evaluation of this factor provided no details on how plaintiff modified his daily activities, the extent to which plaintiff reduced his participation in recreational and social activities, or what activities plaintiff can still independently complete. PageID.34.

An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). Here, the Court cannot trace the path of the ALJ's reasoning for rejecting plaintiff's evidence regarding the intensity, persistence, and limiting effects of the symptoms arising from his impairments. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate intensity, persistence, and limiting effects of plaintiff's symptoms arising from his impairments.

> **B.     The ALJ's incomplete and unexplained evaluation of the medical opinion evidence is legal error which necessitates remand.**

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. § 404.1520c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors. *See* 20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. § 404.1520c(b)(2).[2]  If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. § 404.1520c(b)(3) (internal citations omitted).

In addition, the regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record."  20 C.F.R. § 404.1520c(b)(1).  Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*.  "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

Here, the ALJ addressed four medical opinions:

> I have fully considered the medical opinions and prior administrative medical findings as follows: Douglass Chang, M.D., opined for the state agency on that the claimant was capable of light work, and that the claimant should avoid concentrated

---

[2] The regulations explain "supportability" as follows:  "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).  The regulations explain "consistency" as follows: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

exposure to pulmonary irritants. Dr. Chang's opinion that the claimant can perform work at the light exertional level is persuasive. While the claimant's impairments require additional limitations, Dr. Chang's opinion is consistent with the claimant's generally unremarkable physical examination results, denial of impairment related symptoms, and treatment provider observations (6F/2; 9F/2, 13, 17, 19, 22; 11F/43, 45).

State agency medical consultant Larry Jackson, M.D., opined that the claimant could lift, carry, push, and/or pull 25 pounds occasionally and 20 pounds frequently. The claimant can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. The claimant could frequently handle with the right upper extremity. The claimant can frequently climb ramps and stairs. The claimant should avoid concentrated exposure to extreme cold, humidity, and pulmonary irritants (4A/8). This opinion is not persuasive. While the claimant is not disabled, the record establishes that the claimant is limited to work at the light exertional level with additional environmental limitations.

Martin Dubravic, M.D, opined that the claimant could walk 10 blocks, sit more than 2 hours, and stand one hour. Dr. Dubravic opined that the claimant needed one 40-minute break every 2-3 hours. Light weights. The claimant could not be exposed to pulmonary irritants, moderate cold, heat, humidity, or concentrated wetness. In addition, Dr. Dubravic opined that the claimant would miss over 4 days per month due to his impairments or impairment related treatment. Dr. Simpson's opinion does not identify the claimant's specific workplace limitations. These opinions are unpersuasive. Dr. Dubravic's opinion is inconsistent with the objective medical record. The claimant's physical examination results have been unremarkable. The claimant has denied experiencing impairment related symptoms at multiple treatment visits (9F/2, 13, 17, 19, 22; 11F/43, 45).

PageID.34-35.

Plaintiff contends that the ALJ's evaluation of the medical opinion evidence was incomplete: the ALJ's analysis of state agency physician Dr. Chang's opinion neither discussed supportability nor explained how the opinion was consistent with the ALJ's vague description of the record; the ALJ's rejection of state agency physician Dr. Jackson's opinion on reconsideration was "even more lacking"; and the ALJ's rejection of the opinion of plaintiff's allergist Dr. Dubravec did not address supportability or explain the consistency factor.  *See* Plaintiff's Brief at PageID.526-527.

After reviewing the record, the Court concludes that the ALJ's evaluation of the three medical opinions lacks sufficient detail with respect to the factors of supportability and consistency. The ALJ does not explain or identify the "generally unremarkable physical examination results", the particular "impairment related symptoms," or the "treatment provider observations" referenced in his evaluation. Given the conclusory nature of the ALJ's evaluation, the Court cannot trace the path of the ALJ's reasoning that Dr. Chang's opinion was persuasive and that Dr. Jackson and Dr. Dubravec's opinions were unpersuasive. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the medical opinions of Dr. Chang, Dr. Jackson, and Dr. Dubravec.

## IV. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed (1) to re-evaluate intensity, persistence, and limiting effects of plaintiff's symptoms arising from his impairments, and (2) to re-evaluate the medical opinions of Dr. Chang, Dr. Jackson, and Dr. Dubravec. A judgment consistent with this opinion will be issued forthwith.

Dated: March 11, 2024                    /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge